Matter of 243 E. 32nd St. LLC v Commissioner of Fin. of the City of New York (2025 NY Slip Op 01888)

Matter of 243 E. 32nd St. LLC v Commissioner of Fin. of the City of New York

2025 NY Slip Op 01888

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 151035/22|Appeal No. 3300|Case No. 2023-04947|

[*1]In the Matter of 243 East 32nd Street LLC, Petitioner-Appellant,
v
Commissioner of Finance of the City of New York et al., Respondents-Respondents.

Goldberg & Bokor, LLP, Cedarhurst (Scott Goldberg of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Filloreta Islami of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered July 26, 2023, which denied the petition to annul and reverse an October 4, 2021 revised notice of property value issued by respondents upon granting petitioner's application to correct a clerical error or error in description of its property and to direct respondents to correct the revised notice, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents rationally addressed petitioner's request for a clerical correction to its tax classification based on the conversion of its building from a four-family residential building to a two-family residential building. As Supreme Court found, respondents corrected the tax classification in the relevant tax years by performing a reassessment of the building's value to determine whether it was necessary to reduce the actual assessed values, and they concluded that no change in the actual assessed values was warranted (see Matter of Board of Mgrs. of the Liberty View Condominium v New York City Dept. of Fin., 188 AD3d 450, 451 [1st Dept 2020], lv denied 36 NY3d 906 [2021]; see also Administrative Code of City of NY § 11-206). The assessment roll was corrected from Tax Class 2A, for which respondents determine market value using the income capitalization approach (generally regarded as the preferred method for determining the value of income-producing property) to Tax Class 1, for which respondents determine market value using the sales and analysis comparison (the most commonly used method) (see 41 Kew Gardens Rd. Assoc. v Tyburski, 70 NY2d 325, 330-331 [1987]). Thus, it was reasonable for respondents to reassess the value of petitioner's property using the latter method upon granting the correction, as state law does not dictate a particular formula for determining the threshold of full market value (see id. at 330). In the absence of any legally mandated criteria, it is within the expertise and discretion of the Commissioner of Finance to ascertain fair market value (see Matter of Kraebel v New York City Dept. of Fin., 217 AD2d 416, 417 [1st Dept 1995], appeal dismissed 86 NY2d 835 [1995], cert denied 516 US 1146 [1996]).
We find no denial of due process, as respondents would have used sales and analysis comparison for fiscal year 2016 had the assessment roll shown the correct tax class, and petitioner appropriately challenged respondents' determination by bringing this proceeding.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025